**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LAZARO GONZALEZ TORRES,

        Petitioner,

v.                                                                              Case No. 3:26-cv-303-WWB-PDB

WARDEN OF THE BAKER COUNTY
DETENTION FACILITY, et al.,[1]

        Respondents.

_____

## ORDER

Through counsel, Petitioner is proceeding on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, alleging in part that his mandatory detention without an individualized bond hearing under 8 U.S.C. § 1225(b)(2)(A) violates the Immigration and Nationality Act ("**INA**"). (*See* Doc. 1 at 2, 8–10). As relief, he seeks immediate release. (*Id.* at 14). The Federal Respondents oppose the Petition, but contend that should the Petition be granted, the proper relief would be a bond hearing, not outright release. (*See* Doc. 8 at 9–10).[2]

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Markwayne Mullin and Todd Blanche are automatically substituted for Kristi Noem and Pamela Bondi, respectively.

[2] The Warden of the Baker County Detention Facility filed a Motion to Dismiss, (*see* Doc. 7), arguing he is not a proper Respondent for reasons this Court has previously rejected, *see, e.g., Franco v. Warden*, Case No. 3:26-cv-176, 2026 WL 1090989, at *3–4 (M.D. Fla. Apr. 22, 2026) (citing cases). Thereafter, Petitioner was transferred to a different facility, so the Warden filed an Amended Motion to Dismiss, arguing dismissal is warranted on that ground. (*See* Doc. 18). Petitioner opposes both Motions. (*See* Doc. Nos. 9, 19). Because Petitioner is no longer in the custody of the Baker County Detention Facility, the Court will substitute the Warden of Petitioner's current detention facility as the proper Respondent and will deny the pending Motions to Dismiss as moot. *See Rumsfeld*

The primary dispute between Petitioner and the Federal Respondents is one of statutory construction—whether Petitioner's detention is governed by § 1225(b)(2)(A) or § 1226(a). After Petitioner filed his Petition and the Federal Respondents filed their Response, the Eleventh Circuit Court of Appeals issued a decision that resolves this issue in Petitioner's favor. *See Hernandez Alvarez v. Warden*, 175 F.4th 1258, 1276 (11th Cir. 2026) (holding that "[t]he text of § 1225(b)(2)(A) is clear that mandatory detention applies only to . . . . arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior"). Although the Federal Respondents oppose the Petition on the merits, they do not dispute that when Petitioner was detained, he was classified as "an alien present in the United States without being admitted or paroled, or [] arrived in the United States at any time or place other than as designated by the Attorney General." (*See* Doc. 8-1 at 2).[3]

This Court is bound by the Eleventh Circuit's *Hernandez Alvarez* decision, but that decision mandates that aliens, like Petitioner, who are "unlawfully in the interior" when detained are entitled to a bond hearing in accordance with § 1226(a), not immediate release.[4] *See Hernandez Alvarez*, 175 F.4th at 1276. As such, Petitioner is entitled to

---

*v. Padilla*, 542 U.S. 426, 434 (2004) ("The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'"). According to the ICE locator, Petitioner is housed at the Moshannon Valley ICE Processing Center. *See* Online Detainee Locator System, ICE, available at https://locator.ice.gov/odls/#/search (last visited June 23, 2026).

[3] In addition to addressing the merits of the claim, the Federal Respondents argue the Court lacks jurisdiction and Petitioner failed to exhaust his administrative remedies prior to filing this case. (*See* Doc. 8 at 3–4, 9). The Court rejects these arguments.

[4] The Court notes it has previously found that aliens, like Petitioner, who have resided in the United States without lawful admission are subject to mandatory detention under § 1225(b)(2)(A). *See Arellano v. Warden, Baker Corr. Inst.,* No. 3:25-cv-1333-

relief on the claim that his mandatory detention under 8 U.S.C. § 1225(b)(2)(A) violates the INA only to the extent he is entitled to an individualized bond hearing.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc. 1) is **GRANTED** to the extent that Petitioner is entitled to a bond hearing before an immigration judge in accordance with 8 U.S.C. § 1226(a).[5] Within **seven days** of the date of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release Petitioner. If Respondents release Petitioner, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

---

WWB-PDB, 2026 WL 1090987, at *2 (M.D. Fla. Apr. 22, 2026) (adopting the plain meaning of the statutes as interpreted by the Fifth and Eighth Circuits in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026) (holding that "applicant for admission" in § 1225(a)(1) and "seeking admission" in § 1225(b)(2)(A) are synonymous; thus an "alien present in the United States who has not been admitted" "shall be detained") and *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (finding "[p]resence without admission deems the petitioners to be applicants for admission" subject to § 1225's mandatory detention)). While the Court disagrees with the majority's opinion in *Hernandez Alvarez*, finding Judge Lagoa's well-reasoned dissent to be an accurate interpretation of the law, it recognizes the precedential authority of *Hernandez Alvarez* and acknowledges that it is now the law of this circuit. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

[5] Because the Court grants relief on Petitioner's claim under the INA, it need not address Petitioner's other claims for relief. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative"); *see, e.g.*, *Pena-Gil v. Lyons*, No. 25-CV-03268, 2025 WL 3268333, at *4 (D. Colo. Nov. 24, 2025).

3

2.  The Warden of the Moshannon Valley ICE Processing Center is substituted as the proper Warden-Respondent, and the Warden of the Baker County Detention Facility's Motions to Dismiss (Doc. Nos. 7, 18) are **DENIED as moot**.

3.  The Clerk is **DIRECTED** to enter judgment granting the Petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida on July 2, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-6
c:      Counsel of Record

4